**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**IGNACIO SERVIN,**

Petitioner,

v.

**CONSTANCE REESE, Warden, and U.S. IMMIGRATION SERVICE,**

Respondents.

Civil No. 01-452 (DSD/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Petitioner Ignacio Servin, pro se

Bridgid E. Dowdal, Esq., Assistant United States Attorney, for Respondents

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Ignacio Servin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, this Court recommends that Servin's Petition for a Writ of Habeas Corpus be denied and the case be dismissed with prejudice.

FILED 1-14-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. Factual and Procedural History

Petitioner Ignacio Servin is an inmate at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). The underlying criminal proceedings occurred in United States District Court for the Southern District of Iowa. Petitioner pled guilty on October 30, 1998 to one count of conspiring to distribute methamphetamine, for which he was sentenced to ninety-seven months in prison. Servin's projected release date is July 31, 2005 with good time credit. Servin did not appeal his criminal conviction or sentence, nor did he file a 28 U.S.C. § 2255 petition for collateral relief. Servin acknowledges that he is now time-barred from filing a § 2255 motion. (Pet. at 2.)

Servin is a Mexican national who lawfully entered the United States as a temporary resident on July 11, 1988, and obtained lawful permanent resident status on August 26, 1991. On January 22, 1999, the Immigration and Naturalization Service ("INS") filed a detainer with FMC-Rochester, notifying prison officials that an investigation had been commenced to determine whether Servin was subject to removal from the United States. The INS asked the officials to notify the INS of Servin's release thirty days beforehand. FMC-Rochester acknowledged the notice and informed the INS that Servin probably would be released on July 31, 2005.

In his § 2241 petition, Servin raises the following claims. First, Servin requests that he be allowed to remain in the United States after his

release from incarceration. As relief, Servin asks that he not be deported after he completes his term of incarceration, or in the alternative, that the INS be required to hold an early deportation hearing. Second, Servin contends his constitutional rights were violated when he was persuaded to enter a plea, which was premised on a fatally flawed indictment, and because his counsel's assistance was ineffective. As relief for these claims, Servin asks that his sentence and conviction be vacated.

## II. Discussion

### A. Servin's Request that He Not Be Deported After His Release from Incarceration

This request is not properly brought in Servin's habeas petition. First, the request is premature. Federal courts may entertain a habeas corpus petition only on the grounds that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a habeas petition is appropriate when a prisoner challenges the length or duration of his confinement). Servin is asking the Court to prevent the INS from deporting him after his release from incarceration; that is, he is seeking relief from possible, prospective INS custody or removal. However, there has been neither a deportation hearing nor a determination by the INS to deport Servin after his prison sentence. Consequently, this aspect of the petition should be denied.

Second, Servin is actually seeking relief against the INS, not the prison, and the INS is not a proper respondent in this case. The only proper respondent in a habeas petition is the custodian of the inmate. See 28 U.S.C. §§ 2242, 2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 495 (1973). Filing a detainer with a prison does not amount to the INS taking custody of the inmate. See Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Like the detainer in Campillo, the one in the present case does not affect Servin's status as a federal prisoner, "but merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date." Id. A prisoner may not challenge an INS detainer via habeas corpus until he is placed in INS custody, which will not occur until the prisoner is released from his present incarceration. See id. The Court therefore recommends that this part of the petition be denied on this basis as well.

Servin also alleges that the detainer prevents him from qualifying for a substance abuse program, receiving good time credit, and being placed in a lower security level facility. First, Servin has submitted no evidence of these alleged consequences. Second, prison officials may consider an INS detainer in assessing custody and security classifications. See Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). Furthermore, the Bureau of Prisons has the "discretion to categorically exclude inmates who have had INS detainers filed against them" from substance abuse treatment programs and the early release

provisions contained in 18 U.S.C. § 3621(e). See United States v. Lopez-Salas, 266 F.3d 842, 848 (2001).

As for Servin's argument that he should be afforded an early deportation hearing, he has no right to an expedited hearing and the INS has no duty to provide one. See Gonzalez v. INS, 867 F.2d 1108, 1109-10 (8th Cir. 1989); Campillo, 853 F.2d at 596-97. For all of the above reasons, Servin's request for an early deportation hearing and his request that he not be deported after his release from incarceration should be denied.

**B. Servin's Apprendi and Ineffective Assistance of Counsel Claims**

Servin contends his constitutional rights were violated when he was persuaded to enter a plea, which was premised on a flawed indictment according to Apprendi v. New Jersey, 530 U.S. 466 (2000), and because his counsel's assistance was ineffective. Generally, neither of these claims is properly brought in a § 2241 petition. A § 2241 petition is brought to challenge the execution of a sentence; a § 2255 motion is brought to challenge the validity or lawfulness of a sentence or conviction. See United States v. Clinkenbeard, 542 F.2d 59, 60 (8th Cir. 1976) (citations omitted); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999); Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Wright v. U.S. Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Accordingly, Servin's

defective indictment and ineffective assistance of counsel claims should have been brought in a § 2255 motion to the sentencing court. See United States v. Lurie, 207 F.3d 1075, 1076-77 (8th Cir. 2000); United States v. McNeely, 20 F.3d 886, 889 (8th Cir. 1994) (citations omitted).

However, as Servin concedes, his time to move for relief under § 2255 has expired. Consequently, Servin asserts that a § 2255 motion would be inadequate and ineffective to test the legality of his detention, and that he is therefore entitled to pursue relief in a § 2241 petition.

A federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court which sentenced him unless he shows that "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Failing to obtain § 2255 relief in the sentencing court does not constitute an inadequate or ineffective remedy. See Lurie, 207 F.3d at 1076-77. In Lurie, the petitioner filed an untimely § 2255 motion. The Eighth Circuit found that the procedural timeliness barrier did not render the § 2255 remedy ineffective or inadequate. See id. at 1077. The court further explained that Lurie failed to show actual inadequacy or ineffectiveness because his claims could have been timely brought in a § 2255 motion or directly appealed. See id. at 1077-78.

This case presents a situation similar to that in Lurie. Servin neither directly appealed nor filed a § 2255 motion even though the claims he

now raises in his § 2241 petition could have been timely brought in either manner. Therefore, according to Lurie, Servin has not demonstrated that a § 2255 motion would be inadequate or ineffective to test the legality of his detention. Accordingly, Servin's claims should be denied.

As to Servin's Apprendi argument, Servin contends that he was otherwise barred from bringing his Apprendi claim in a "successive" § 2255 motion, citing Rodgers v. United States, 229 F.3d 704, 705 (8th Cir. 2000). (Pet. at 3.) Rodgers held that a petitioner could not bring a second or successive motion to vacate his sentence based on Apprendi because Apprendi is not retroactively applicable on collateral review. See id. at 705-06. However, Servin misinterprets Rodgers as allowing a petitioner in the above situation to subsequently seek relief in a § 2241 petition, positing that Apprendi's rule creates the requisite inadequacy or ineffectiveness.

The Court finds Servin's argument without merit for several reasons. First, Servin never filed an initial § 2255 motion, and the law concerning second or successive § 2255 motions is therefore inapplicable.

Second, limitations on filing a § 2255 motion do not establish the inadequacy or ineffectiveness of the remedy. See Lurie, 207 F.3d at 1077; Barrett, 178 F.3d at 50 ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the [] 'second or successive' requirements") (citing In re Davenport,

147 F.3d at 608 ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive § 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under § 2255, his remedy under that section is inadequate and he may turn to § 2241. That can't be right; it would nullify the limitations."); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review."); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (stating that inadequacy or ineffectiveness cannot be established "merely because th[e] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255," because "[s]uch a holding would effectively eviscerate Congress's intent in amending § 2255"); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (stating that § 2255 is not inadequate or ineffective simply "because an individual is procedurally barred from filing a § 2255 motion")).

Third, because Apprendi is not retroactively applicable on collateral review, it would not be retroactively applicable to Servin's § 2241 petition. See United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001)

(§ 2255 motion); Burch v. Corcoran, 273 F.3d 577, 584 (4th Cir. 2001) (§ 2254 petition); Lowery v. Anderson, 14 Fed. Appx. 643, 644-45 (7th Cir. 2001) (§ 2254 petition); Charles v. Lamanna, No. 01-3780, 2001 WL 1590693, at *1 (6th Cir. Dec. 10, 2001) (§ 2241 petition). Furthermore, the United States Supreme Court has recently declared that only a decision by the Supreme Court itself can declare a new rule to be retroactively applicable, see Tyler v. Cain, 121 S. Ct. 2478, 2482 (2001), and the Supreme Court has not held that Apprendi is retroactively applicable on federal habeas review. Servin pleaded guilty and was sentenced on October 30, 1998, before Apprendi was decided on June 26, 2000. Thus, Servin cannot benefit from Apprendi in this case.

Fourth, Servin makes no cognizable Apprendi claim in his § 2241 petition. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Defendant Apprendi pleaded guilty to possession of a firearm for an unlawful purpose, a second-degree offense. See id. at 469. The applicable statute provided for a penalty of five to ten years, but the sentencing court sentenced Apprendi to an enhanced term of twelve years under a separate hate crime statute, concluding that a preponderance of the evidence showed that his crime was motivated by racial bias. See id. at 470-71. The Supreme Court held that the hate crime statute

was unconstitutional, reversed the sentence, and remanded the case for resentencing. See id. at 491-97.

Here, Servin claims that the indictment did not include the quantity of drugs or the penalty portions of the statutes under which he was charged. However, Apprendi is not violated when a defendant's sentence is within the range allowed by statute for the offense simpliciter, even when the drug quantity is not charged in the indictment or found beyond a reasonable doubt. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000). Servin was sentenced to 97 months imprisonment. The maximum statutory penalty he could have received for conspiracy to possess with intent to distribute a schedule II controlled substance without regard to drug quantity is 240 months. See 21 U.S.C. §§ 841(b)(1)(C), 846. Servin's sentence was well within the statutory maximum allowed by the offense simpliciter, and therefore, no Apprendi error occurred. Furthermore, Apprendi does not require that the indictment include the applicable penalties.

In conclusion, the Court finds Servin's Apprendi and ineffective assistance of counsel claims procedurally barred and substantively meritless. Servin's § 2241 petition should be denied.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Ignacio Servin's

Petition Pursuant to 28 U.S.C. § 2241 for Withdrawal of INS Detainer and/or Reversal of Conviction (Doc. No. 1) should be **DENIED**, and the case should be **DISMISSED WITH PREJUDICE**.

Dated: January 11, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing written objections with the Clerk of Court and serving all parties by Feb. 1, 2002. The brief must specifically identify those portions of this Report to which objections are being made and the basis of those objections. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.