UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-452(DSD/JGL)

Ignacio Servin,

Petitioner,

v.

**ORDER**

Constance Reese, Warden, and
U.S. Immigration Service,

Respondents.

This matter is before the court on petitioner's objections to the report and recommendation of Magistrate Judge Jonathan Lebedoff dated January 11, 2002. In his report, the magistrate judge recommended that petitioner Ignacio Servin's petition pursuant to 28 U.S.C. § 2241 for withdrawal of INS detainer and/or reversal of conviction be denied and that the case should be dismissed with prejudice. Petitioner now objects to the magistrate judge's recommendation.

After conducting a de novo review of the file and record, the court concludes that the report of the magistrate judge fully discusses the reasons why the petition must be dismissed, and accordingly, the court will adopt the magistrate judge's report and recommendation in its entirety.

In particular, the court concurs with the magistrate judge's conclusion that petitioner's request that he not be deported after

FILED 2-21-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

his release from incarceration is not properly brought in a habeas petition. See 28 U.S.C. § 2241(c)(3) (Federal courts may only entertain habeas petition when prisoner is in custody). Since petitioner is asking the court for relief from possible future INS custody or removal, the habeas petition must be denied. Id. The court also concurs with the assessment of the magistrate judge that petitioner in this case is seeking relief from the INS, not the prison. Since the only proper respondent in a habeas case is the custodian of the inmate, this factor provides an additional basis for the court to deny the petition. See 28 U.S.C. § 2242, § 2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 495 (1973). Put differently, a prisoner may not challenge, by habeas petition, a pending INS detainer until he is actually placed in INS custody. See Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).

Accordingly, **IT IS HEREBY ORDERED** that the petition for withdrawal of INS detainer and/or reversal of conviction pursuant to 28 U.S.C. § 2241 [Docket No. 1] is denied.[1]

Dated: February 26, 2002

David S. Doty, Judge
United States District Court

[1] The court also notes that petitioner has apparently withdrawn his claim that his constitutional rights were violated according to Apprendi v. New Jersey, 530 U.S. 466 (2000). (See Petitioner's Br. at 5-6 ("Petitioner withdraws his Apprendi claims.").)